TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  | : |  |
| --- | --- | --- |
| OPINION | : | No. 98-1103 |
|  | : |  |
| of | : | May 5, 1999 |
|  | : |  |
| BILL LOCKYER | : |  |
| Attorney General | : |  |
|  | : |  |
| CLAYTON P. ROCHE | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

THE HONORABLE ELAINE ALQUIST, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May a person, on behalf of another, purchase California state lottery tickets from an authorized retailer and charge a fee for the services rendered?

CONCLUSION

A person may not, on behalf of another, purchase California state lottery tickets from an authorized retailer and charge a fee for the services rendered.

ANALYSIS

A company is proposing to buy state lottery tickets on behalf of its customers. A customer would telephone the company, ordering a specified number of tickets and paying for the tickets by credit card. The company would purchase the tickets from an authorized ticket retailer and deliver the tickets to the customer. If a prize is won, the company would assist the customer in receiving the prize. For its services, the company would charge the customer a fee, for example, 50 cents per ticket purchased. We are asked whether the company may operate such a business. We conclude that it may not.

Generally speaking, conducting a lottery in California is illegal. The Constitution provides in part: "The Legislature has no power to authorize lotteries and shall prohibit the sale of lottery tickets in the State." (Cal. Const., art. IV, § 19, subd. (a).) The Legislature has carried out with this constitutional directive by enacting Penal Code sections 319-329.[1] In addition, the Legislature has proscribed numerous gaming (§§ 330-337s) and horse racing (§§ 337.1-337.9) activities. Of particular significance here is the prohibition contained in section 337a:

"Every person,

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"3. Who, whether for gain, hire, reward, or gratuitously, or otherwise, receives, holds, or forwards, or purports or pretends to receive, hold, or forward, in any manner whatsoever, any money, thing or consideration of value, or the equivalent or memorandum thereof, staked, pledged, bet or wagered, or to be staked, pledged, bet or wagered . . . upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

". . . is punishable by imprisonment in the county jail for a period of not more than one year or in the state prison.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

_____

[1] All references to the Penal Code prior to footnote 2 are by section number only.

2                                                                                           98-1103

With respect to the proposal in question, the company would be receiving money from its customers to be wagered on the results of the state lottery by purchasing lottery tickets. Section 337a prohibits a person from acting as the agent of another in purchasing lottery tickets and charging for the services rendered.

The proposal considered here is similar to the one examined by the court in *Advanced Delivery Service, Inc.* v. *Gates* (1986) 183 Cal.App.3d 967. In *Gates*, a company proposed taking money from customers and going to a race track to place bets on horses picked by the customers. The company would charge a fee for the "messenger" service rendered and return the pari-mutual tickets to the customers. The court had no difficulty in concluding that the proposal would violate section 337a, relying upon a long line of cases (see, e.g., *In re Walker* (1938) 11 Cal.2d 464, 468-469; *People* v. *Tompkins* (1952) 109 Cal.App.2d 215, 221-222; *People* v. *Haughey* (1941) 48 Cal.App.2d 506, 509-511). (*Id.*, at pp. 972-975.) The court noted that nothing in the Horse Racing Act provided an exemption from the provisions of section 337a where the company would be betting with money it had received in the capacity as an agent. (*Id.*, at pp. 975-977.)

In *Gates*, the court examined the Horse Racing Act as an exception to the general Penal Code prohibitions against gambling, since the Constitution expressly allows the Legislature to regulate "horse race meetings and wagering on the results." (Cal. Const., art. IV, § 19, subd. (b).) Likewise, the Constitution authorizes the California State Lottery as an exception to the operation of lotteries generally proscribed by the Constitution and the Penal Code. (Cal. Const., art IV, § 19, subd. (d).) The California State Lottery Act of 1984 (Gov. Code, §§ 8880-8880.72; "Act") implements this constitutional authorization. We have previously determined that the Act's provisions create an exception to the general Penal Code prohibitions. (77 Ops.Cal.Atty.Gen. 89, 92 (1994); see §§ 8880.6, 8880.70.)

An examination of the Act reveals nothing that would exempt the proposed activity from the prohibition of Penal Code section 337a. The company, it is conceded, would not qualify as a "retailer" of state lottery tickets. (See §§ 8880.47-8880.55.) While the company would purchase the lottery tickets from an authorized retailer, such purchase would not convert the company itself into an authorized retailer.

The proposal does not constitute a lottery "pool" of multiple purchasers of a lottery ticket. (§ 8880.33; see 77 Ops.Cal.Atty.Gen., *supra*, at 90-93.) While multiple purchasers may have a representative to purchase tickets and manage the pooling arrangement (77 Ops.Cal.Atty.Gen., *supra*, at 90-93), such is not the proposal here.

No other law would exempt the company's proposal from the prohibition of Penal Code section 337a. As pointed out by the court in *Advanced Delivery Service, Inc.* v. *Gates*, *supra*, 183 Cal.App.3d at 977, any changes in the governing statutes are "a matter best left to the Legislature with its fact finding capabilities through hearings at which all interested parties may have input."

We conclude that a person may not, on behalf of another, purchase California state lottery tickets from an authorized retailer and charge a fee for the services rendered.

\* \* \* \* \*